IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-96-108-C |
| | ) | CIV-07-30-C |
| ERIC W. BLY, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Before the Court are: Defendant Eric William Bly's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and brief in support (Mot., Dkt. Nos. 1191 & 1192); the Government's response (Resp., Dkt. No. 1196); and Defendant's reply in opposition (Reply, Dkt. No. 1199). For the reasons that follow, the Court denies relief.

I. BACKGROUND

A detailed procedural history is outlined in the Tenth Circuit's most recent opinion in this case and is repeated in part herein. See United States v. Bly (Bly IV), 142 F. App'x 339, 341-42 (10th Cir. 2005) (unpublished), cert. denied, ___ U.S. ___, 126 S. Ct. 1102 (2006). In 1996, Defendant Bly was charged in a multi-defendant, 97-count indictment alleging drug trafficking, firearms, and money laundering offenses. Defendant was convicted by a jury of 16 counts on October 4, 1996.[1] On January 23, 1997, Bly, twice previously

---

[1] Bly was convicted of one count of conspiracy to distribute a controlled substance (cocaine and cocaine base [crack]) in violation of 21 U.S.C. §§ 846 and 841(a)(1), eight counts of possession with intent to distribute a controlled substance (cocaine base [crack]) in violation of 21 U.S.C. § 841(a)(1) [seven counts included a charge of aiding and abetting in violation of 18 U.S.C. § 2],

convicted of felony drug offenses, was sentenced by Judge Wayne Alley to, inter alia, nine concurrent terms of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).  (See Dkt. No. 611.)  He appealed.  The Tenth Circuit affirmed Bly's convictions but vacated his sentence and remanded for resentencing because the Government had failed to meet its burden of proving Bly's two prior felony drug convictions beyond a reasonable doubt.  See United States v. Green (Bly I), 175 F.3d 822, 836, 838 (10th Cir. 1999).  On remand and after the Government met its burden of proof, the Court, inter alia, reimposed nine concurrent terms of life imprisonment.  (See Dkt. Nos. 856 & 858.)  The Tenth Circuit affirmed.  See United States v. Bly (Bly II), No. 99-6287, 2000 WL 376628, at *1 (10th Cir. Apr. 13, 2000) (unpublished).

On June 8, 2001, Bly filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his latest sentence, alleging an Apprendi violation.[2]  (Dkt. No. 985.)  The Court granted Bly's motion and reduced his punishment from nine concurrent terms of life imprisonment to nine concurrent terms of imprisonment of twenty years (240 months) each. (See Dkt. Nos. 1002 & 1003.)  The Government then filed a motion to reconsider, arguing

---

one count of maintaining a place for the purpose of manufacturing and distributing a controlled substance (cocaine base [crack]) in violation of 21 U.S.C. § 856(a)(1), four counts of use of a telephone to facilitate distribution of a controlled substance (cocaine base [crack]) in violation of 21 U.S.C. § 843(b), one count of money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and (2), and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

[2] Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

that U.S. Sentencing Guidelines Manual § 5G1.2(d)[3] and the Tenth Circuit's intervening decision in United States v. Price, 265 F.3d 1097 (10th Cir. 2001),[4] required imposition of consecutive rather than concurrent sentences.  (Dkt. Nos. 1006 & 1009.)  The Court agreed and on October 16, 2001, without Bly present, modified its earlier § 2255 ruling to impose nine consecutive terms of twenty years, for a total of 180 years' imprisonment.  (See Dkt. Nos. 1017 & 1018.)

Bly then appealed on various grounds, including an argument that the rule of Apprendi was violated by application of § 5G1.2(d).  The Tenth Circuit did not discuss this claim, but it agreed with Bly that he had the right to be present when the Court converted his sentences from concurrent to consecutive terms of imprisonment.  See United States v. Bly (Bly III), 328 F.3d 1262, 1264-67 (10th Cir. 2003), cert. denied, ___ U.S. ___, 126 S.Ct. 1102 (2006).  Thus, the Tenth Circuit vacated the Court's sentencing order and remanded for resentencing.  Id. at 1267.

Bly was again resentenced on January 9, 2004.  (See Dkt. No. 1140.)  Bly personally appeared at this proceeding and argued that the Court enjoyed discretion under 18 U.S.C.

---

[3] Section 5G1.2(d) provides:
> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.

[4] As further discussed herein, Price held that § 5G1.2(d) is a mandatory provision.  See Price, 265 F.3d at 1109; United States v. Lott, 310 F.3d 1231, 1243 (10th Cir. 2002) ("We recently joined the majority of our sister circuits, who have held that application of § 5G1.2(d) is mandatory, as the section 'speaks in terms of "shall" rather than "may."'" (quoting Price, 265 F.3d at 1108-09)).

§ 3584(a) to sentence him to concurrent terms of imprisonment. Bly IV, 142 F. App'x at 342. Judge Alley reimposed the earlier § 2255 sentence of nine consecutive 20-year terms of imprisonment for the § 841(a)(1) convictions. (Dkt. Nos. 1140 & 1142.) Bly appealed this sentence, and the Tenth Circuit affirmed on July 22, 2005. See Bly IV, 142 F. App'x at 345. In Bly IV, the Tenth Circuit found that the Court's application of Price to require mandatory consecutive sentences under § 5G1.2(d) was not clearly erroneous. Id. The United States Supreme Court denied certiorari on January 9, 2006. ___ U.S. ___, 126 S. Ct. 1102 (2006). Upon Judge Alley's retirement, the case was reassigned to the undersigned on January 11, 2006. Bly timely filed this § 2255 motion on January 8, 2007.[5]

Bly did not request an evidentiary hearing, and the Court finds one unnecessary because resolution of his arguments is possible on the existing record. See § 2255; United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000).

## II. DISCUSSION

In his motion, Bly seeks relief due to the alleged unconstitutionality of his revised sentence. Specifically, Bly claims that the Court's application of Price and § 5G1.2(d) to sentence him to consecutive rather than concurrent terms of imprisonment on January 9, 2004, was in contravention of the Court's original intention and violates due process because the sentencing was "unforeseeable" and "indefensible." According to Bly, when the Tenth

---

[5] Bly's § 2255 motion was filed on January 8, 2007, within one year of the date Bly's direct appeal ended with the denial of certiorari review. (See Dkt. Nos. 1172 & 1191.) The Government concedes that Bly's motion was therefore timely filed. See United States v. Willis, 202 F.3d 1279, 1280-81 (10th Cir. 2000); (Resp. at 5 n.4).

Circuit affirmed the Court's January 9, 2004, sentence in Bly IV, it "missed the point," i.e., the Tenth Circuit did not heed the purported intent of the Court to sentence Bly to concurrent terms of imprisonment.

*A.  Procedural Bar:  Issues Already Considered on Appeal*

The propriety of applying Price's rule regarding § 5G1.2(d) to sentence Bly to consecutive rather than concurrent terms has already been thoroughly considered and endorsed both at his resentencing and on direct appeal.  See Bly IV, 142 F. App'x at 343-45; (Resp. Ex. 1, Def.'s Resentencing Mem.; Resp. Ex. 2, Def.'s Pet. for Reh'g En Banc).  In affirming Bly's January 9, 2004, sentence, the Tenth Circuit thoroughly considered – and disposed of – Bly's argument that the Court, "pursuant to 18 U.S.C. § 3584(a),[6] enjoyed discretion, notwithstanding § 5G1.2(d), to sentence him to concurrent terms of imprisonment."  Bly IV, 142 F. App'x at 342, 343-44.  Bly's claim regarding Price and § 5G1.2(d) is therefore precluded from reconsideration in a § 2255 proceeding, absent an intervening change in the law of this Circuit.  United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994).

This Court was and is bound to follow Tenth Circuit precedent, regardless of Bly's contention that Price "was a bad decision from the beginning."  (Br. at 11); see United States v. Spedalieri, 910 F.2d 707, 709 n.2 (10th Cir. 1990).  While Bly admittedly has been

---

[6] Section 3584(a) instructs that "[i]f multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . .  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively."

subjected to a circuitous sentencing route, it is worth noting that the Tenth Circuit has fully outlined its rationale for mandatory application of § 5G1.2(d). See Price, 265 F.3d at 1108-09; see also Bly III, 328 F.3d at 1264; United States v. Lott, 310 F.3d at 1242-43; United States v. Bailey, 286 F.3d 1219, 1222 (10th Cir. 2002). The Tenth Circuit also has rejected the argument that mandatory application of § 5G1.2(d) interferes with courts' statutory discretion, e.g., under § 3584, to impose concurrent or consecutive sentences. See Bly IV, 142 F. App'x at 343-44 (citing United States v. Mihaly, 67 F.3d 894, 896 (10th Cir. 1995)); United States v. Gann, 58 F. App'x 792, 802-04 (10th Cir. 2003) (unpublished) (Kelly, J., concurring) (citing United States v. Green, 42 F. App'x 239, 244 n.7 (10th Cir. 2002) (unpublished); United States v. Shewmaker, 936 F.2d 1124, 1127-28 (10th Cir. 1991)).

*B. Procedural Default: Issues Defendant Failed to Raise on Appeal*

This Court's inability to address a claim that has been previously adjudicated on the merits is not affected by Bly's attempt to recast the same claim as a due process violation. See United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). Even assuming that his due process claim could be considered separate from those claims which the Tenth Circuit addressed in Bly IV, Bly had the opportunity to raise this claim on direct appeal, but he failed to do so.[7] A § 2255 motion is not a vehicle through which issues overlooked on direct appeal

---

[7] To a limited extent in his motion and then further in his reply, Bly attempts to argue that the Court should conduct its own analysis into the reasonableness of his sentence in light of his "unheard request" for a downward departure at the resentencing hearing. (See Br. at 6, 17-18; Reply at 6, 9, 14-15.) As is evident in the transcript of the January 9, 2004, resentencing and as fully discussed by the appellate court, Bly did not request a downward departure. See Bly IV, 142 F. App'x at 344 n.7 ("Bly's request for concurrent sentencing relied solely on the asserted preeminence of . . . § 3584(a) over . . . § 5G1.2(d). . . . [Bly's] counsel explicitly stated [that] Bly was not seeking

may be relitigated. United States v. Cervini, 379 F.3d 987, 990 (10th Cir. 2004); Warner, 23 F.3d at 291. See generally United States v. Frady, 456 U.S. 152, 165-68 (1982).

Bly is therefore barred from raising this claim in a § 2255 motion "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994); see also Green, 42 F. App'x at 243. Beyond his bare conclusion that "the unforeseeability and indefensibility of the Price decision . . . and how it violates [Bly]'s right to due process is an argument that ripened after the appeal was filed," Bly offers no cause for the procedural default or why his claim had not "ripened" at the time he appealed.[8] (Mot. at 6.) Both the due process argument and the basis upon which it rests were available to Bly as soon as Price was applied to his resentencing,

---

a downward departure . . . ." (citing Resp. Ex. 2, Resentencing Tr. at 14 ("I didn't request the downward departure . . . because I believe that the Court can . . . in lieu of a downward departure . . . grant the sentences concurrently. . . . [A] downward departure is really not appropriate at this time . . . or applicable . . . ."))). There is nothing in the record to indicate that Bly was deprived of any opportunity to move for a downward departure or that his failure to do so was not a strategic decision by his counsel and him.

[8] In his appeal, Bly had further contended that the U.S. Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), entitled him to relief. The Tenth Circuit disposed of this claim in Bly IV. See Bly IV, 142 F. App'x at 342-43 (noting that neither Blakely nor United States v. Booker, 543 U.S. 220 (2005), applies retroactively to an initial § 2255 motion). Bly has requested that the Court hold his § 2255 motion in abeyance pending the Supreme Court's decision in Burton v. Stewart, ___ U.S. ___, 127 S. Ct. 793 (per curiam), reh'g denied, ___ U.S. ___, 127 S. Ct. 1394 (2007). (See Br. at 9-10.) Bly asserts that the application of Price to his resentencing "has become more indefensible now in view of [Burton]." (Mot. at 5.) In Burton, the Supreme Court had granted certiorari in order to determine whether its decision in Blakely announced a new rule and, if so, whether that rule applies retroactively on collateral review. See Burton, ___ U.S. at ___, 127 S. Ct. at 794. The Supreme Court, however, declined to answer those questions when it issued its opinion in Burton – rendering Bly's request moot. See id. Therefore, the Court need not consider Bly's request regarding Burton and the need to await the Supreme Court's decision.

and thus Bly cannot establish "cause."  See Murray v. Carrier, 477 U.S. 478, 488 (1986) (explaining that examples of cause include situations where the factual or legal basis for a claim was unavailable to counsel or where interference by officials made compliance with the rule impossible).

Moreover, Bly does not present a substantial issue as to the alternative method of avoiding the procedural bar, which requires a defendant to persuasively demonstrate that a fundamental miscarriage of justice "has probably resulted in the conviction of one who is actually innocent."  Murray, 477 U.S. at 496; see also Bousley v. United States, 523 U.S. 614, 622 (1998).  Bly does not claim to be actually innocent of the offense, only that he should have received a lesser sentence.  Moreover, the Tenth Circuit has held that "[a] person cannot be actually innocent of a noncapital sentence, however[,]" as innocence of a noncapital sentence is not a fundamental miscarriage of justice.  United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993) (discussing the exception in context of a prohibited second § 2255 motion); see also United States v. Papa, 97 F. App'x 848, 850 n.2 (10th Cir. 2004) (unpublished) ("T[he fundamental miscarriage of justice] procedural-bar exception does not apply to claims . . . challenging a non-capital sentence.").

### III. CONCLUSION

Bly's claims have been fully disposed of on direct appeal and thus are procedurally barred from reconsideration.  To any extent that Bly's claims could be characterized as distinct from those claims previously considered, they are procedurally defaulted on account of Bly's failure to raise them on direct appeal.  Bly's § 2255 motion to vacate, set aside, or

correct his sentence (Dkt. No. 1191) is therefore DENIED.  A separate judgment shall be issued accordingly.

      IT IS SO ORDERED this 7th of June, 2007.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge